FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 04, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID OWEN BAILEY,<br><br>             Petitioner,<br><br>v.<br><br>STATE OF WASHINGTON,<br><br>             Respondent. | NO: 1:25-CV-3127-TOR<br><br>ORDER DISMISSING ACTION |

By Order filed September 3, 2025, the Court granted Petitioner, a resident of Vancouver, Washington, leave to file a First Amended Petition that demonstrates he is currently "in custody" on a challenged 1995 Yakima County criminal conviction; he has fully exhausted all of his claims to the Washington State Supreme Court; and he timely filed his habeas corpus claims on August 4, 2025. ECF No. 3. Petitioner has paid the $5.00 filing fee.

On October 10, 2025, Petitioner filed a First Amended Petition. ECF No. 4. He asks the Court to vacate his 1995 conviction for Rape of a Child in the First

ORDER DISMISSING ACTION -- 1

Degree pursuant to a nolo contendere plea, asserting actual innocence. *Id.* at 1–2, 5–7, and 15. Petitioner attempts to invoke the "actual innocence gateway." *Id.* at 6.

The actual innocence gateway requires proof of "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("[t]he miscarriage of justice exception is concerned with actual as compared to legal innocence"). Petitioner makes no assertion of factual innocence, only that the offense occurred when he was thirteen years old, and he was not prosecuted until he had "aged out of juvenile court," thus he claims he was "actually innocent of adult criminal liability." ECF No. 4 at 5, 7, 8, and 10.

Petitioner contends, "'[a]ctual innocence' includes legal innocence where a conviction is obtained in the absence of jurisdiction," and cites to *United States v. Avery*, 719 F.3d 1080, 1084 (9th Cir. 2013). ECF No. 4 at 17. Yet, a review of *Avery* does not support Petitioner's contention. The citation concerns the content of a plea agreement without reference to jurisdiction. In *Avery,* the petitioner was actually innocent of the crime of honest services fraud where an intervening Supreme Court decision clarified that the crime to which he "pled guilty and for which he stands incarcerated is no longer a criminal offense". Therefore, Petitioner's reliance on *Avery* is misplaced. He has failed to present a plausible claim of actual innocence. *See Schlup v. Delo,* 513 U.S. 298, 324 (1995) ("To be credible,

ORDER DISMISSING ACTION -- 2

[a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.").

Petitioner contends his guilty plea was "involuntary" because he was "never informed that juvenile court had exclusive jurisdiction, that no waiver hearing occurred, and that adult prosecution was unlawful." ECF No. 4 at 10. Petitioner indicates that he pursued a Personal Restraint Petition ("PRP") in the Washington State Court of Appeals, Division III, but provides no dates concerning when it was filed or adjudicated. *Id.* at 2–3. The grounds raised and denied were: procedural bars inapplicable; due process violation; vindictive prosecution; prosecutorial misconduct; and cruel and unusual punishment. *Id.* at 3. Petitioner presents no facts showing he pursued the PRP to the Washington State Supreme Court.

Furthermore, Petitioner offers no facts from which this Court could infer that he is currently "in custody" on the 1995 Yakima County conviction. Rather, in response to the inquiry into the length of his sentence, he writes, "TERM OF INCARCERATION, WHICH IS NOW OVER." ECF No. 4 at 1. Consequently, Plaintiff has not satisfied the "in custody" requirement. *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

ORDER DISMISSING ACTION -- 3

Liberally construing the First Amended Petition in the light most favorable to Petitioner, the Court finds that he has failed to demonstrate that he is "in custody" on the challenged conviction, his claims were exhausted, or that his petition was timely filed in this Court. For the reasons set forth above and in the Court's prior Order, ECF No. 3, this habeas action is dismissed with prejudice.

Accordingly, **IT IS ORDERED:**

1. This action is **DISMISSED with prejudice.**

2. The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The Clerk of Court shall enter this Order, enter judgment, provide copies to Petitioner, and **CLOSE** the file.

**DATED** November 4, 2025.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING ACTION -- 4